UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

SIMONE DANIEK,
    Plaintiff,

  v.

LUDEK DUDA,
    Defendant.

CIVIL NO. 15-6032(NLH)(AMD)

OPINION

**APPEARANCES:**

JAROMIR KOVARIK
KTHL LAW OFFICES PC
412 CHESTNUT STREET
SUITE 100
LEBANON, PA 17042
    On behalf of plaintiff

VINCENZO MAURIZIO MOGAVERO
BECKER & POLIAKOFF
45 BROADWAY
NEW YORK, NY 10006
    On behalf of defendant

**HILLMAN**, District Judge

    Presently before the Court are three motions filed by plaintiff: a motion for sanctions against defendant [27], a motion for default judgment against defendant [29], and plaintiff's counsel's motion to withdraw as attorney [36]. Each of these motions will be denied.

    By way of a brief background of the case, plaintiff filed her complaint against defendant, her former husband, regarding plaintiff's claims that defendant has fraudulently, negligently, and in violation of his fiduciary duty of care, failed to share

the business income arising from a rental property in New Jersey. After various procedural events, on January 28, 2016, the Court granted defendant's motion to vacate the Clerk's entry of default previously entered against him, and ordered plaintiff to properly serve the amended complaint pursuant to Fed. R. Civ. P. 4.[1] (Docket No. 24.)  Two days later, plaintiff appealed the Court's Order vacating default to the Third Circuit Court of Appeals. (Docket No. 25.)  On May 25, 2016, the Third Circuit dismissed plaintiff's appeal for lack of appellate jurisdiction.  (Docket No. 38.)

Even though plaintiff's appeal stayed the case pending the appeal's resolution, plaintiff filed the three motions listed above during that period.  All three are without merit.  First, because the Clerk's entry of default was vacated, default judgment is not available to plaintiff.  See Fed. R. Civ. P. 55; Int'l Union of Painters v. Rebock Corp., 2011 WL 587980, at *1 (D.N.J. Feb. 10, 2011) ("[O]btaining a default judgment is a two-step process—first, when a defendant has failed to plead or otherwise respond, a plaintiff may request the entry of default by the Clerk

---

[1] "Notice to a defendant that he has been sued does not cure defective service, and an appearance for the limited purpose of objecting to service does not waive the technicalities of the rule governing service." Grand Entm't Grp., Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 492 (3d Cir. 1993).

2

of the Court, Fed. R. Civ. P. 55(a), and second, after the Clerk has entered the party's default, a plaintiff may then obtain a judgment by default by either (1) asking the Clerk to enter judgment, if the judgment is a sum certain, or (2) applying to the Court, Fed. R. Civ. P. 55(b).").

Plaintiff's motion for default judgment also fails because, as noted in the Court's prior Opinion, no default can be entered without a defendant first being served properly.  See Gold Kist, Inc. v. Laurinburg Oil Co., 756 F.2d 14, 19 (3d Cir. 1985). Although the Court directed plaintiff to serve her complaint in accordance with Rule 4, it does not appear that service pursuant to that Order has been effected.  Without proper service, judgment cannot be entered against any party, by way of default or trial, who has not been properly served.  See Grand Entm't Grp., Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 492 (3d Cir. 1993) ("A district court's power to assert *in personam* authority over [a defendant] is dependent not only on compliance with due process but also on compliance with the technicalities of Rule 4.")  Thus, plaintiff's motion for default judgment must be denied.

For the same reason, plaintiff's motion for sanctions fails. Plaintiff has sought sanctions in the form of default judgment against defendant, along with attorney's fees.  Plaintiff cannot seek sanctions, in any form, against a party who has not been

3

properly served and who is therefore not a party to the case.  See id.  Thus, plaintiff's motion for sanctions must be denied.

With regard to plaintiff's counsel's motion to withdraw as plaintiff's attorney, counsel states that the attorney-client relationship between plaintiff and counsel was terminated on April 7, 2016 for irreconcilable differences.  (Docket No. 36 at 2.)  Counsel represents that plaintiff was to obtain substitute counsel, but as of the filing of counsel's motion, no substitution of counsel has been filed.  Counsel requests that he be relieved of his representation because "there will be no harm caused by this withdrawal to the administration of justice as both the case in this Court and in the Appellate Court are at the beginning of procedural determinations by the Courts and no case management order has been issued at the time of this withdrawal in either Court."  (Id.)  Counsel also states, "The undersigned notified Plaintiff, Ms. Simone I. Daniek about this motion.  Ms. Daniek does oppose this motion."[2]  (Id. at 4.)

The standards for assessing whether an attorney may be relieved of his representation of his client in a pending case are set forth in Local Civil Rule 102.1 and Rules of Professional

---

[2] It is possible that this is a typographical error and the word "not" is missing from the sentence.  Even so, counsel and plaintiff must still comply with the Court's direction stated below.

4

Conduct 1.16.  Local Civil rule 102.1 provides, "Unless other counsel is substituted, no attorney may withdraw an appearance except by leave of Court."  Because no other counsel has been substituted on plaintiff's behalf, plaintiff's counsel may only withdraw by leave of Court.  To assist the Court in that assessment, RPC 1.16, "Declining or Terminating Representation," provides that the Court should consider four criteria: 1) the reason withdrawal is sought; 2) the prejudice withdrawal may cause to other litigants; 3) the harm withdrawal may cause to the administration of justice; and 4) the degree to which withdrawal may delay the resolution of the case.  <u>U.S. ex rel. Cherry Hill Convalescent, Ctr., Inc. v. Healthcare Rehab Sys., Inc.</u>, 994 F. Supp. 244, 252–53 (D.N.J. 1997).

The current posture of this case is that plaintiff filed her complaint over a year ago on August 6, 2015, and defendant still has not been properly served.  Fed. R. Civ. P. 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must [1] dismiss the action without prejudice against that defendant or [2] order that service be made within a specified time."  On January 28, 2016, in the Order granting defendant's motion to vacate default, the Court directed plaintiff to properly serve her complaint.  Instead of serving plaintiff's

5

complaint as directed by the Court, plaintiff's counsel decided to appeal the Court's Order vacating default.

About a week later, rather than awaiting the outcome of the appeal, plaintiff's counsel filed a motion for sanctions against defendant and his counsel, as well as a motion for default judgment against defendant.  It is curious why counsel chose this path, since, as set forth above, defendant was not yet a party to the case due to plaintiff's failure to properly serve defendant, and such motions lodged against a non-party are without effect.  It is also curious why counsel filed a motion for default judgment while appealing the issue of whether the Court's Order vacating the Clerk's entry of default was proper, and while knowing that the propriety of service is integral to obtaining default and default judgment.

Three months after filing the appeal, but during the pendency of the appeal and the two motions before this Court, counsel filed a motion to withdraw as counsel.  It is unknown to the Court the circumstances behind plaintiff and counsel's "irreconcilable differences," but according to counsel, plaintiff does not consent to his motion.  Without more information, the Court cannot determine the effect that counsel's withdrawal would have on the case with regard to prejudice to other litigants, the impact on the administration of justice, and the delay on the

resolution of the case. In fact, as it stands now, it appears that plaintiff's counsel's presence in the case, rather than his potential withdrawal from the case, has influenced those factors unfavorably.[3]

In order to permit the Court to determine whether counsel should be relieved, the Court will direct plaintiff's counsel to provide this Opinion and the accompanying Order to plaintiff. Counsel shall inform plaintiff that the Court requires her to send a letter to the Court explaining why she objects to her lawyer's withdrawal, or why she consents to his withdrawal. Plaintiff may submit her letter directly to the Court *in camera*, i.e., for the Court's eyes only. Or plaintiff may have counsel submit her response to the Court. Counsel shall also inform plaintiff that if she wishes to consent to the withdrawal of her counsel, she must either (1) obtain new counsel to enter an appearance on her behalf, or (2) enter an appearance on her own behalf and proceed *pro se* without the assistance of counsel. Plaintiff and her counsel remain on notice that proper service has apparently not been effected despite the Court's prior order and the Court may

---

[3] Defense counsel responded to plaintiff's counsel's motion to withdraw. They state, "We respectfully advise the Court that Duda does not oppose the withdrawal subject to, and without waiver of, Duda's right to seek reasonable attorneys' fees and costs pursuant to Fed. R. Civ. P. 11 with respect to the filings of the KTHL firm in this matter." (Docket No. 37.)

still invoke the sanction found in Fed. R. Civ. P. 4(m)("[i]f a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must [1] dismiss the action without prejudice against that defendant or [2] order that service be made within a specified time.").

Within 15 days of the date of this Opinion, counsel shall file a certification attesting that he has complied with the Court's instructions.  Plaintiff shall have 30 days from the date of this Opinion to submit her letter to the Court.  Counsel's motion to withdraw shall be denied without prejudice to his right to renew his motion after the submission of his certification and plaintiff's letter to the Court.

An appropriate Order will be entered.

Date:   August 17, 2016            s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.